IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RICHARD E. SUTTON,            )
                              )
     Plaintiff,               )
                              )
     v.                       )    1:03CV00897
                              )
CREE, INC.,                   )
                              )
     Defendant.               )
```

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiff Richard E. Sutton, an employee of Defendant Cree, Inc. ("Cree"), brings this federal question action against Defendant alleging race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as amended; race discrimination in violation of Section 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981; and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq. Plaintiff seeks a declaratory judgment that Defendant's practices are unlawful and violative of Plaintiff's rights, a permanent injunction, and money damages. This matter is now before the court on Defendant's motion for summary judgment and Plaintiff's motion for leave to file its opposition to summary judgment out of time. For the reasons set

forth herein, Plaintiff's motion for leave to file out of time will be GRANTED and Defendant's motion for summary judgment will be GRANTED.

**I.   BACKGROUND**

The following facts are presented in the light most favorable to Plaintiff.[1]

Plaintiff Sutton is a black male high school graduate with three years of college education. He was born in 1956. In January 1999, Sutton began working for Defendant Cree as a Level I Operator in the Crystal Growth department, a job that required a high school diploma and manual labor capabilities. Cree chemically develops and manufactures semi-conductor materials and devices. Cree's Crystal Growth department is part of its Materials Business division, and is primarily responsible for growing the crystals that are used in the manufacturing of the semi-conductor materials and devices.

Since his hiring, Plaintiff has sought promotions whenever possible. As a result, over the last five years, Plaintiff has received eight raises, increasing his base compensation from $10.50 per hour to $19.65 per hour. During this same period, he has been promoted three times, rising to a Level IV Operator, and has become a Lead Operator, a non-supervisory title that provides

---

[1] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); Randall v. United States, 30 F. 3d 518, 522 (4th Cir. 1994).

Plaintiff with additional compensation in exchange for taking on extra responsibilities.

On July 12, 2002, a position opening was posted for a Production Supervisor in the Crystal Growth department ("Production Supervisor"). The Production Supervisor was responsible for (1) managing shift operations; (2) supervising, training, and developing shift personnel; and (3) quality, cost, and productivity control. (Sutton Decl. Ex. 3.) The minimum requirements for the position included, among other things, a "[Bachelor of Science in] Engineering or other technical degree." (Id.)

Five candidates applied for the Production Supervisor position. The candidates were (1) Plaintiff (black, male, born 1956); (2) Lara Garrett (white, female, born 1972); (3) Michael Calus (white, male, born 1969); (4) Steve Parker (white, male, born 1965); and (5) Claude Sugg (white, male, born 1949). Chris Horton, the manufacturing manager of Cree's Materials Business division, which includes Crystal Growth, interviewed each candidate. Horton hired Garrett for the position.

**II. PROCEDURAL POSTURE**

Within the statutory time frame, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's charge alleged Cree's failure to promote him to Production Supervisor was due to his "race, Black and sex,

3

male" and because he was over 40 years of age. (App. Mem. Supp.
Def.'s Mot. Summ. J. Ex. 12.)  After receiving a right to sue
letter from the EEOC, Plaintiff brought this action against Cree.
Plaintiff's amended complaint alleges race and sex discrimination
under Title VII, race discrimination under § 1981, and age
discrimination under the ADEA.[2]

On March 2, 2005, Defendant moved for summary judgment.  On
April 5, 2005, the last day to oppose Cree's motion for summary
judgment, Plaintiff moved for, with consent, and was granted an
extension of time until April 24, 2005, in which to file his
opposition.  On May 2, 2005, Plaintiff filed a motion for leave
to file out of time and an untimely opposition brief.  Now
pending are Defendant's motion for summary judgment and
Plaintiff's motion for late filing.

**III. PLAINTIFF'S MOTION FOR LATE FILING**

Plaintiff's motion for late filing contends Plaintiff's
untimeliness was based upon his counsel's newly-demanding
caseload and court schedule.

Local Rule 6.1(a) provides that extensions of time to
perform an act will not be allowed if made after the expiration

---

[2] Plaintiff brought other claims of discrimination he has
since abandoned.  (Pl.'s Resp. Def.'s Mot. Summ. J. at 2
("Plaintiff's claim is limited to his claim . . . for failure to
receive the Production Supervisor's position.  Issues relative to
the Training Coordinator's position, as a claim, are abandoned.
Claims of EEOC filings, subsequent to this lawsuit, are not
addressed.").)

4

of the specified time, except upon a showing of excusable neglect. L.R. 6.1(a). Thus, the usual practice when a respondent fails to file a response within the time required by the rules is to deem the motion uncontested. L.R. 7.3(k). Here, the court does not find Plaintiff's counsel has shown excusable neglect. See Shoaf v. Kimberly-Clark Corp., 294 F. Supp. 2d 746, 749 (M.D.N.C. 2003) (holding that counsel's caseload which created a conflict with the due date for a response brief did not constitute excusable neglect.). However, upon consideration of the merits of the case and Plaintiff's waiver of certain alleged claims in his proposed opposition brief, see infra note 2, Defendant will suffer no prejudice from the court's grant of leave for Plaintiff to file out of time. Therefore, Plaintiff's motion for leave to file his opposition brief out of time will be granted.

**IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**A.  Standard of Review**

Summary judgment is appropriate when an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrate that there is no genuine issue of material fact, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). The basic question in a summary judgment inquiry is whether the evidence

5

"is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Summary judgment should be granted unless a reasonable jury could return a verdict in favor of the nonmovant on the evidence presented. McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003) (citing Anderson, 477 U.S. at 247-48, 106 S. Ct. at 2509-10). A court "must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004) (citing Thompson v. Aluminum Co. of Am., 276 F.3d 651, 656 (4th Cir. 2002)). Although the court must view the facts in the light most favorable to the nonmovant, see Anderson, 477 U.S. at 255, 106 S. Ct. at 2513, "bare allegations unsupported by legally competent evidence do not give rise to a genuine dispute of material fact." Solis v. Prince George's County, 153 F. Supp. 2d 793, 807 (D. Md. 2001); see Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775 (1989) ("Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice.").

If the nonmoving party fails to make a sufficient showing to establish an essential element of its case, summary judgment is proper because a "complete failure of proof" on an essential

element "renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. While the court "must take special care when considering a motion for summary judgment in a discrimination case because motive is often the critical issue, summary judgment disposition remains appropriate if the plaintiff cannot prevail as a matter of law." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 958-59 (4th Cir. 1996) (citing Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987)).

**B. Analysis**

Plaintiff claims Cree's failure to promote him to Production Supervisor was due to his race, sex, and age, which constitutes discrimination in violation of Title VII, § 1981, and the ADEA.

Title VII and § 1981 prohibit intentional discrimination on account of race. See 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 1981(a). Title VII also prohibits intentional discrimination on the basis of sex. See 42 U.S.C. § 20002-2(a). The ADEA prohibits intentional discrimination because of age. See 29 U.S.C. § 623(a). A plaintiff may avert summary judgment and establish a claim for intentional discrimination under Title VII, § 1981, and the ADEA through two avenues of proof. See Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 284 (4th Cir. 2004). A plaintiff may establish discrimination via direct or circumstantial evidence that discrimination motivated the

7

employer's adverse employment decision. Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253, 257 (4th Cir. 2001). Alternatively, a plaintiff may "proceed under a 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Hill, 354 F.3d at 285; Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004).

Plaintiff concedes he is relying on the pretext framework, which requires the familiar burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and its progeny. Under the McDonnell Douglas scheme, for Plaintiff to prevail on his discrimination claim he must first establish a prima facie case of discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506, 113 S. Ct. 2742, 2746-47 (1993). The elements of a prima facie case under Title VII, § 1981, and the ADEA are the same. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (holding elements of a prima facie case under Title VII and § 1981 are the same); Hill, 354 F.3d at 285 (4th Cir. 2004) (holding elements of a prima facie case under the ADEA and Title VII are the same). To establish a prima facie case for failure to promote, Plaintiff must prove the following elements: (1) he is a member of a protected class; (2) Cree had an open position for which he applied; (3) he was qualified for the

position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Taylor v. Virginia Union Univ., 193 F.3d 219, 230 (4th Cir. 1999), abrogated in part on other grounds, Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S. Ct. 2148 (2003). If Plaintiff is able to establish a prima facie case, Defendant must respond with evidence that it acted with a legitimate nondiscriminatory reason. St. Mary's, 509 U.S. at 506-07, 113 S. Ct. at 2747. If Defendant makes this showing, Plaintiff must present evidence to prove "discrimination vel non," typically a showing that Defendant's articulated reason was only a pretext for unlawful discrimination. Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106 (quoting United States Postal Serv. Board of Governors v. Aikens, 460 U.S. 711, 714, 103 S. Ct. 1478, 1481 (1983)); St. Mary's, 509 U.S. at 507-08, 113 S. Ct. at 2742. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093 (1981).

Defendant argues for summary judgment in its favor because Plaintiff cannot establish the third element of prima facie case of discrimination, that he was qualified for the Production Supervisor position. Plaintiff does not dispute the position

9

required, among other things, a "[Bachelor of Science in] Engineering or other technical degree." (Sutton Decl. Ex. 3; Sutton Dep. at 90.) Furthermore, there is no dispute that Plaintiff did not have an engineering or other technical degree, as did Garrett. (Sutton Dep. at 92.) Although Plaintiff attended college at North Carolina Central University ("NCCU") for three years, he studied only general courses and stopped attending for financial reasons without obtaining a degree. (Id. at 18-20.) Plaintiff has not acquired a degree since that time. (Id.) Nevertheless, Plaintiff contends he was qualified for Production Supervisor for two reasons.

First, Plaintiff contends a reasonable jury could find him qualified for the position because a human resources representative checked a box on Plaintiff's application indicating Plaintiff "[m]et eligibility requirements" and was to be "[r]eferred to [the] Hiring Manager for review." (Sutton Decl. Ex. 4.) Plaintiff's argument is without merit, however, because it ignores basic facts underlying the hiring process. While the human resources representative did place a check mark in the box as Plaintiff argues, she hand wrote in the margin "Please Note — no B.S. in Engr. however attended NCCU." (Id.) The notation, at best, indicates belief, but not certainty, that Plaintiff's education at NCCU was sufficient to meet the minimum requirements. Additionally, the human resources representative

10

was not the decisionmaker.  The form indicates the human resources representative was merely referring Plaintiff's application to the hiring manager for review.  (Id.)  Plaintiff has acknowledged that Chris Horton was the hiring manager and the "person who made the hiring decisions."  (Sutton Dep. at 88.)  One of the reasons Horton told Plaintiff he did not get the position was because he did not have an engineering or other technical degree.  (Id. at 93; Sutton Decl. ¶¶ 8-9.)  The mere fact that a management employee reviewed, evaluated, and supplied information, favorable or unfavorable, to the final decisionmaker does not elevate that employee to a decisionmaker status absent evidence that the employee had authority to overrule the final decision.  Chambers v. Walt Disney Co., 132 F. Supp. 2d 1356, 1364 (M.D. Fla. 2001).  A reasonable jury could not find Plaintiff qualified under these circumstances.

Plaintiff's second contention is that he was qualified despite the posted requirement for an engineering or technical degree because the degree requirement itself was a sham designed to discriminate against him.[3]  As evidence, Plaintiff asserts the July 2002 posting was the first time the position required an

---

[3] Plaintiff offered statements of a coworker that the coworker heard that Garrett was preselected by Horton for the Production Supervisor position and the degree requirement was imposed to exclude Plaintiff from consideration.  These statements, however, are offered for their truth and thus are hearsay. Fed. R. Evid. 801(c).  They are not covered by any hearsay exception and thus are excluded.  Fed. R. Evid. 802.

11

engineering or other technical degree.  (Sutton Decl. ¶ 6; Johnson Decl. ¶ 4.)  Plaintiff also contends comparable positions — production supervisor positions in other departments — do not require an engineering or technical degree.  (Sutton Decl. ¶ 10; Johnson Decl. ¶¶ 5-7.)  Plaintiff's evidence, however, does not show that the degree requirement was applied discriminatorily to him on account of his race, sex, or age.  The undisputed evidence, admitted by Plaintiff, is that beginning with Garrett, who was selected instead of Plaintiff, each person who has been Production Supervisor in Crystal Growth has satisfied the degree requirement.  (Sutton Dep. at 99; Jackson Supp. Aff. ¶¶ 4-9.)  Furthermore, blacks, men, and people over the age of 40 have all held the Production Supervisor position (Jackson Supp. Aff. ¶¶ 5-6), which necessarily excludes Plaintiff's race, sex, and age as a discriminatory motive.  Lastly, all of Plaintiff's "comparable" positions have different responsibilities and expectations or are in different departments or divisions of Cree than that of the Production Supervisor at issue.  (Id. ¶¶ 10-11.)  As a result, Plaintiff's argument of discriminatory application of the degree requirement fails.

Plaintiff has acknowledged that he has neither an engineering nor other technical degree, which was a minimum qualification for the Production Supervisor position.  Because a reasonable jury could not find Plaintiff otherwise qualified for

12

the position, he has failed to meet his burden of proving a prima facie case for discriminatory failure to promote under Title VII, § 1981, and the ADEA.  Plaintiff has abandoned the remaining claims alleged in his amended complaint.  Thus, summary judgment will be entered in favor of Defendant Cree.

V.  **CONCLUSION**

For the reasons stated herein, the court will grant Plaintiff's Motion for Leave to File Out of Time.  The court will also grant Defendant's Motion for Summary Judgment.  A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 22nd day of June 2005.

                                              United States District Judge